UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARENCE EDWARD SMITH,

    Plaintiff,

v.

LT. HOCKWATER, et al.,

    Defendants.

Case No. 21-cv-03807-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    This suit was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1] Plaintiff, who is currently incarcerated at the West County Detention Facility ("WCDF"), filed a *pro se* prisoner complaint form under 42 U.S.C. § 1983. *See* Dkt. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate Order.

    Plaintiff alleged constitutional violations that took place at WCDF against the following officials from the Contra Costa County Sheriff's Office ("CCSO"): Lieutenant Hockwater; Sergeants Varady and Ellis; and Registered Nurse ("RN") Rose. *Id.* at 1. He seeks injunctive relief and monetary damages. *Id.*

**I.    DISCUSSION**

    **A.    Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff claims that WCDF jail staff has been deliberately indifferent to his health, safety and well-being for failing to protect and prevent his exposure to the COVID-19 virus. Dkt. 1 at 2-3. Plaintiff alleges that Defendants' deliberate indifference caused him to test positive for the COVID-19 virus on December 23, 2020, and he suffered "permanent damage to his breathing, low oxygen levels, and heart issues . . . ." *Id.* Plaintiff further claims that prior to contracting the COVID-19 virus, he submitted his concerns to Defendant Ellis in a grievance filed on October 30, 2020. *Id.* Plaintiff alleges that on December 16, 2020, he filed another grievance after observing inmates being housed with two inmates in each cell. *Id.* at 3. He further claimed in that grievance that "no action was taken to clean common areas." *Id.* In response to the grievance, Defendant Varady stated, "Due to the rapid pandemic, we are doing everything in our power to limit the spread to inmates and staff." *Id.*

Plaintiff alleges that he filed another grievance on December 30, 2020 "to medical staff in regards to a medical issue" and "the fact that [he] tested COVID-19 positive." *Id.* at 1. Plaintiff received a response on January 22, 2021 from Defendant Rose that stated that "[i]nfection control protocol was practiced by medical staff" and that "mask[s] and information about prevention was given." *Id.* at 3. Defendant Rose also informed Plaintiff that he "will be seen for assessment" on that day. *Id.*

First, it is not clear from Plaintiff's filings whether he is a convicted prisoner or pretrial detainee. Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate

indifference. *Id*. at 1068.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id*. (citing *Wilson*, 501 U.S. at 297).

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).

The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536-37. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to punishment. *See id.* at 539.

In essence, Plaintiff alleges that jail officials failed to take proper precautions to protect him from COVID-19. As mentioned above, Plaintiff claims that he was tested on December 23, 2020 and was found to be positive for COVID-19. While Plaintiff has set forth sufficient

3

1  allegations that could state a claim, this complaint is still dismissed with leave to amend to provide
2  more information.
3    Plaintiff only names Defendants Ellis and Varady based on their handling of his
4  grievances. Although there is a First Amendment right to petition government for redress of
5  grievances, there is no right to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728
6  (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by
7  the prison's refusal to entertain his grievance."). Plaintiff has therefore failed to state a claim
8  against Defendants Ellis and Varady.
9    Furthermore, Plaintiff has not stated a cognizable constitutional claim against Defendant
10 Rose. Although Plaintiff seems to claim that Defendant Rose was deliberately indifferent to his
11 medical needs, the only allegations in the complaint are that Defendant Rose responded to
12 Plaintiff's grievance and granted him a medical exam the same day. *See* Dkt. 1 at 3. Thus the
13 complaint's factual allegations regarding Defendant Rose's acts of deliberate indifference seem
14 speculative.
15   Finally, Plaintiff sues Defendant Hockwater in this Defendant's supervisory capacity. *See*
16 Dkt. 1. Plaintiff does not allege facts demonstrating that Defendant Hockwater violated his federal
17 rights, but seems to claim Defendant Hockwater is liable based on the conduct of this Defendant's
18 subordinates, Defendants Varady, Ellis and Rose. There is, however, no respondeat superior
19 liability under section 1983 solely because a defendant is responsible for the actions or omissions
20 of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is
21 only liable for constitutional violations of his subordinates if the supervisor participated in or
22 directed the violations, or knew of the violations and failed to act to prevent them." *Id.* A
23 supervisor may also be held liable if he or she implemented "a policy so deficient that the policy
24 itself is a repudiation of constitutional rights and is the moving force of the constitutional
25 violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).
26 Plaintiff has not stated a cognizable supervisor liability claim against Defendant Hockwater.
27   Because it appears possible that Plaintiff may be able to correct the aforementioned
28 deficiencies, the Court DISMISSES his claims against Defendants Ellis, Varady, Rose, and

Hockwater with leave to amend. Plaintiff must specifically link these Defendants to his claims. In an amended complaint, Plaintiff may also identify other specific jail officials involved in the alleged acts of failure to protect and prevent his exposure to the COVID-19 virus, and he must describe how their actions violated his constitutional rights. Plaintiff should also indicate if he is a pretrial detainee or a convicted prisoner.

In addition, Plaintiff presents proof that he has filed grievances on the aforementioned issues in his complaint. *See* Dkt. 1 at 4-13. However, he answers "No" to the following question: "Is last level to which you appealed the highest level of appeal available to you?" *Id.* at 2. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff must provide more information why this case should not be dismissed without prejudice so he can properly exhaust his claim.

## II. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to address the deficiencies outlined above, and to file a **simple, concise and direct** amended complaint which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

   i. Set forth **each claim** in a separate numbered paragraph;

   ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

   iii. Identify the injury resulting **from each claim**;

   b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

   c. **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was

5

linked through their actions; and

        d.    **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

2.    The Court also directs Plaintiff to indicate in his amended complaint whether he is a pretrial detainee or a convicted prisoner.

3.    Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 21-3807 YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

4.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

5.    The Clerk of the Court shall send Plaintiff a blank civil rights form along with a

6

copy of this Order.

IT IS SO ORDERED.

Dated: October 15, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge