UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE EDWARD SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant. | Case No. 21-cv-03807-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Plaintiff, who is currently in custody at the West County Detention Facility, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, in which he alleged that jail officials violated his constitutional rights. He has been granted leave to proceed *in forma pauperis* ("IFP"). Dkt. 9.

In an Order dated October 15, 2021, the court reviewed the complaint and dismissed it with leave to amend. Dkt. 10. Thereafter, plaintiff filed an amended complaint. Dkt. 11.

In an Order dated April 11, 2022, the Court dismissed plaintiff's amended complaint with leave to amend. Dkt. 14. Specifically, the Court granted plaintiff twenty-eight days to file a second amended complaint to correct the deficiencies outlined in its April 11, 2022 Order. *See id.* at 4-8. The Court informed plaintiff that failure to file a timely second amended complaint would result in the dismissal of his action without prejudice. *See id.* at 8.

The twenty-eight-day deadline has passed, and plaintiff has neither filed a second amended complaint nor communicated with the Court in any manner. Taking into account the salient factors set forth *in Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[1]  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following

---

[1] If and when plaintiff is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F. 3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).

plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal).

Accordingly,

IT IS HEREBY ORDERED that the amended complaint in the above-captioned action is DISMISSED without prejudice. Further, this Court CERTIFIES that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk of the Court shall close the file.

IT IS SO ORDERED.

Dated: May 17, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge